IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED McCRAY,

        Plaintiff,                  No. CIV S- 07-0792 DFL GGH P

    vs.

T. SCHWARTZ, et al.,

        Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

        On April 25, 2007, defendants filed a notice of removal of this matter from state to federal court purportedly pursuant to 28 U.S.C. § 1441(b). This action was originally filed in Solano County Superior Court on December 26, 2006. <u>See</u> plaintiff's complaint (Cmp.), Exhibit (Ex.) B to defendants' Notice of Removal (Ntc.). Plaintiff brought this civil action pro se (or in pro per) in state court, suing defendants Teresa Schwartz and the California Department of Corrections and Rehabilitation (CDCR), apparently not only on his own behalf, but evidently seeking to proceed with co-plaintiffs, who are also inmate cooks at California Medical Facility - Vacaville (CMF).[1] Plaintiff contends that CMF, "the inmate pay committee," and defendant

---

[1] Other inmates named as plaintiffs include: "Jeremie Good, Zack Hampton, Willie Harris, Joseph Crespo, Robert Hanson, Joaquin Lopez, and, as yet unnamed 'others.'" Defendants note correctly that it is unlikely that this matter would proceed as a class action. Ntc., p. 2, footnote 1. Of course, plaintiff has not brought a motion pursuant to Fed. R. Civ. P.

1

1   Schwartz violate his and other inmates' "right to equal pay for the same jobs performed/same

2   skill level and job descriptions as cooks at other institutions within" defendant CDCR.  Cmp., p.

3   5.²  Specifically, plaintiff alleges, CMF inmate cooks receive entry level pay in the amount of

4   $.19 (presumably, per hour), topping out at $.32 an hour, while other CDCR institutions pay their

5   entry level inmate cooks $.25 an hour, and are able to reach pay of up to $.60 an hour.  Id.

6   Plaintiff contends that this pay disparity has been occurring since October of 2003.  Id.  Plaintiff,

7   apparently on behalf of all CMF inmate cooks, requests comparable pay with retroactive

8   backpay.  Id.

9            As a separate issue, plaintiff states that he appealed for, and received, overtime

10   pay for hours worked in excess of 150 hours in December and January, but has been denied other

11   overtime backpay by the state Victim Compensation and Government Claims Board due to

12   claimed untimely filing.  Cmp., pp. 6-7.  Plaintiff lists the damages amount that he seeks as

13   $1500.00.  Cmp., p. 4.

14            Defendants purport to have removed this action pursuant to 28 U.S.C. § 1441(b),

15   on the basis that "this civil action contains claims which allege violations of Plaintiffs' Federal

16   Constitutional rights...."  See Notice of Removal, p. 3.  Under § 1441(b), regardless of the

---

18   23, seeking to have the court certify the instant matter as a class action, since he did not
     commence this action in federal court.  Nevertheless, as a non-lawyer proceeding without
19   counsel, it is not likely that this matter could be pursued as a class action.  It is well established
     that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United
20   States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the
     putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509
21   F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect
     the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.
22   See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Plaintiff's privilege to appear in
     propria persona is a "privilege ... personal to him.  He has no authority to appear as an attorney
23   for others than himself."  McShane v. U. S., 366 F.2d at 288, citing Russell v.United States, 308
     F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953),
24   cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954).  Therefore, as noted, it is probable that plaintiff
     could  bring this action only on his own behalf.
25
            ² Page numbers referenced correspond to the pagination in the court's electronic
26   docketing system.

parties' citizenship or residence, a civil action may be removed from state to federal court if "the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States...." It is not necessary that the complaint explicitly refer to 42 U.S.C. § 1983,[3] "the appropriate statutory vehicle for allegations of constitutional violations," Tarr v. Town of Rockport, 405 F. Supp.2d 75, 78 (D. Mass. 2005), but plaintiff's allegations must be "sufficient to state federal claims...." That is not the case here. Plaintiff's allegations center on claimed disparities of wages for prison jobs throughout the California Department of Corrections and Rehabilitation (CDCR), and, as noted, on a claim for backpay due him for overtime. Plaintiff's sole reference to the federal constitution in the complaint is limited to the following: "[t]he Petitioner[s] federal and state constitutional rights are in violation [sic] here." Cmp., p. 5. As to any claims related to prison work, no liberty interest is implicated. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (prisoners have no constitutional right to prison employment).

"[I]t should be noted that a district court may and should always determine *sua sponte* whether its subject matter jurisdiction has been properly invoked." Thomas v. Burlington Industries, Inc., 763 F. Supp. 1570, 1575 (S.D. Fla 1991):

> Additionally, removal statutes should be strictly construed and if removal appears improper, the trial court, at any time before final judgment, must remand to state court. 28 U.S.C. § 1447(c).[4] Section 1441 of Title 28 grants Defendant the right to timely remove its pending state court action to federal district court, if that court would have

---

[3] Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[4] 28 U.S.C. § 1447(c) states, in relevant part, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

> original jurisdiction. Original jurisdiction can be based on diversity of citizenship, 28 U.S.C. § 1441(a), or, []...as in this instance, "arising under" federal question jurisdiction, 28 U.S.C. § 1441(b).

Thomas, supra, at 1575.

In Thomas, supra, the court further noted that "removal based on the existence of a federal question , nevertheless, must allege all facts essential to the existence of the ferderal question." Id., at 1576. Finding that defendants had removed an action on the basis that the court had original jurisdiction based on a federal statute, ERISA,[5] but that defendants had failed to provide the requisite factual support, the court remanded the case for defendants to meet their burden to establish federal jurisdiction.

As the Ninth Circuit has made clear, in order to remove a case to federal court on the basis of federal question jurisdiction, the defendant "must establish that at least one claim alleged in the complaint 'arises under' federal law." Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1413-14 (9th Cir. 1990), citing, inter alia, "Salveson v. Western States Bankcard Ass'n., 731 F.2d 1423, 1426 (9th Cir. 1984)[6](the party seeking removal bears the burden of establishing federal jurisdiction)"; see also, Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1371 (9th Cir. 1987)("[t]he burden of establishing jurisdiction falls on the party invoking the removal statute, Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984), cert. denied, [474] U.S. [863], 106 S. Ct. 180 [](1985), which is strictly construed against removal, Salveson, 731 F.2d at 1426.")

> Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint. Whether the complaint states a claim "arising under" federal law must " 'be ascertained by the legal construction of [the plaintiff's] allegations, and not by the

---

[5] Employee Retirement Income Security Act if 1974, 29 U.S.C. §§ 1001-1461.

[6] Salveson, supra, was superseded in part, on another ground, the doctrine of "derivative jurisdiction," by 28 U.S.C. § 1441(e) in 1986. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392 n. 3 (9th Cir. 1988).

4

> effect attributed to those allegations by the adverse party.'" <u>Tennessee v. Union & Planters' Bank</u>, 152 U.S. 454, 460, 14 S.Ct. 654, 656, 38 L.Ed. 511 (1894) (quoting <u>Central R.R. v. Mills</u>, 113 U.S. 249, 257, 5 S.Ct. 456, 459, 28 L.Ed. 949 (1985)). The plaintiff is the "master" of his complaint; where he may pursue state and federal claims, he is free to pursue either or both, so long as fraud is not involved. <u>Salveson</u>, 731 F.2d at 1426-27.
>
> On the other hand, jurisdiction must be determined by reference to the "well-pleaded" complaint. <u>Franchise Tax Bd. [v. Construction Laborers Vac. Trust]</u>, 463 U.S. [1] at 9-10, 103 S.Ct. [2841] at 2846 [1983]. Claims brought under state law may "arise under" federal law if vindication of the state right necessarily turns upon construction of a substantial question of federal law, i.e., if federal law is a necessary element of one of the well-pleaded claims. <u>Id</u>. at 13, 27-28, 103 S.Ct. at 2848, 2855-56; <u>see</u> <u>also</u> <u>Merrell Dow Pharmaceuticals</u>, 478 U.S. [804] at 808, 106 S.Ct. [3329] at 3232 [1986].

<u>Ultramar</u>, <u>supra</u>, at 1414. If there is an alternative theory of relief for the claims of a complaint, independent of federal law, that in itself constitutes "grounds to defeat federal question jurisdiction." <u>Id</u>. While this pro se complaint is less than "well-pleaded," it is evident that the plaintiff does not invoke a "right to relief [that] necessarily depends upon construction of a substantial question of federal...law." <u>Id</u>. On the face it, the claims plaintiff sets forth, and the relief he seeks, does not even implicate a plausible federal ground for relief, such that any relief available to him is likely to arise at all only under state law.

Here defendants simply have not met their burden based upon the claims as set forth by this pro se plaintiff. Because defendants have not met their burden to demonstrate that a federal question is implicated by plaintiff's pleading, the court now recommends, sua sponte, that this matter be remanded to state court.

Accordingly, IT IS HEREBY RECOMMENDED that this action be remanded to state court as improperly removed.

\\\\\

\\\\\

\\\\\

1     These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: 5/2/07

　　　　　　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows

　　　　　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH:009
mccr0792.fr