1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRED McCRAY,

11          Plaintiff,                    No. CIV S- 07-0792 DFL GGH P

12      vs.

13   T. SCHWARTZ, et al.,

14          Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16          On April 25, 2007, defendants filed a notice of removal of this matter from state

17   to federal court purportedly pursuant to 28 U.S.C. § 1441(b).  This action was originally filed in

18   Solano County Superior Court on December 26, 2006.  See plaintiff's complaint (Cmp.), Exhibit

19   (Ex.) B to defendants' Notice of Removal (Ntc.).  Plaintiff brought this civil action pro se (or in

20   pro per) in state court, suing defendants Teresa Schwartz and the California Department of

21   Corrections and Rehabilitation (CDCR), apparently not only on his own behalf, but evidently

22   seeking to proceed with co-plaintiffs, who are also inmate cooks at California Medical Facility -

23   Vacaville (CMF).[1]  Plaintiff contends that CMF, "the inmate pay committee," and defendant

24   _____

25          [1] Other inmates named as plaintiffs include: "Jeremie Good, Zack Hampton, Willie
     Harris, Joseph Crespo, Robert Hanson, Joaquin Lopez, and, as yet unnamed 'others.'"
     Defendants note correctly that it is unlikely that this matter would proceed as a class action.
26   Ntc., p. 2, footnote 1.  Of course, plaintiff has not brought a motion pursuant to Fed. R. Civ. P.

1

1   Schwartz violate his and other inmates' "right to equal pay for the same jobs performed/same

2   skill level and job descriptions as cooks at other institutions within" defendant CDCR. Cmp., p.

3   5.[2]  Specifically, plaintiff alleges, CMF inmate cooks receive entry level pay in the amount of

4   $.19 (presumably, per hour), topping out at $.32 an hour, while other CDCR institutions pay their

5   entry level inmate cooks $.25 an hour, and are able to reach pay of up to $.60 an hour. Id.

6   Plaintiff contends that this pay disparity has been occurring since October of 2003. Id. Plaintiff,

7   apparently on behalf of all CMF inmate cooks, requests comparable pay with retroactive

8   backpay. Id.

9          As a separate issue, plaintiff states that he appealed for, and received, overtime

10   pay for hours worked in excess of 150 hours in December and January, but has been denied other

11   overtime backpay by the state Victim Compensation and Government Claims Board due to

12   claimed untimely filing. Cmp., pp. 6-7.   Plaintiff lists the damages amount that he seeks as

13   $1500.00. Cmp., p. 4.

14          Defendants purport to have removed this action pursuant to 28 U.S.C. § 1441(b),

15   on the basis that "this civil action contains claims which allege violations of Plaintiffs' Federal

16   Constitutional rights...." See Notice of Removal, p. 3. Under § 1441(b), regardless of the

17   _____

18   23, seeking to have the court certify the instant matter as a class action, since he did not
    commence this action in federal court.  Nevertheless, as a non-lawyer proceeding without
19   counsel, it is not likely that this matter could be pursued as a class action.  It is well established
    that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United
20   States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the
    putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509
21   F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect
    the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.
22   See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Plaintiff's privilege to appear in
    propria persona is a "privilege ... personal to him.  He has no authority to appear as an attorney
23   for others than himself." McShane v. U. S., 366 F.2d at 288, citing Russell v.United States, 308
    F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953),
24   cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954).  Therefore, as noted, it is probable that plaintiff
    could  bring this action only on his own behalf.

25

26          [2] Page numbers referenced correspond to the pagination in the court's electronic
    docketing system.

2

parties' citizenship or residence, a civil action may be removed from state to federal court if "the

district courts have original jurisdiction founded on a claim or right arising under the

Constitution, treaties or laws of the United States...."   It is not necessary that the complaint

explicitly refer to 42 U.S.C. § 1983,[3] "the appropriate statutory vehicle for allegations of

constitutional violations," Tarr v. Town of Rockport, 405 F. Supp.2d 75, 78 (D. Mass. 2005), but

plaintiff's allegations must be "sufficient to state federal claims...."   That is not the case here.

Plaintiff's allegations center on claimed disparities of wages for prison jobs throughout the

California Department of Corrections and Rehabilitation (CDCR), and, as noted, on a claim for

backpay due him for overtime.   Plaintiff's sole reference to the federal constitution in the

complaint is limited to the following: "[t]he Petitioner[s] federal and state constitutional rights

are in violation [sic] here." Cmp., p. 5. As to any claims related to prison work, no liberty

interest is implicated. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (prisoners have no

constitutional right to prison employment).

"[I]t should be noted that a district court may and should always determine *sua*

*sponte* whether its subject matter jurisdiction has been properly invoked." Thomas v. Burlington

Industries, Inc., 763 F. Supp. 1570, 1575 (S.D. Fla 1991):

> Additionally, removal statutes should be strictly
> construed and if removal appears improper, the trial
> court, at any time before final judgment, must
> remand to state court. 28 U.S.C. § 1447(c).[4]
> Section 1441 of Title 28 grants Defendant the right
> to timely remove its pending state court action to
> federal district court, if that court would have

---

[3]   Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[4]  28 U.S.C. § 1447(c) states, in relevant part, "[i]f at any time before final judgment it
appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

1
2
3

> original jurisdiction.  Original jurisdiction can be
> based on diversity of citizenship, 28 U.S.C. §
> 1441(a), or, []...as in this instance, "arising under"
> federal question jurisdiction, 28 U.S.C. § 1441(b).

4  Thomas, supra, at 1575.

5              In Thomas, supra, the court further noted that "removal based on the existence of

6  a federal question , nevertheless, must allege all facts essential to the existence of the ferderal

7  question." Id., at 1576.  Finding that defendants had removed an action on the basis that the

8  court had original jurisdiction based on a federal statute, ERISA,[5] but that defendants had failed

9  to provide the requisite factual support, the court remanded the case for defendants to meet their

10  burden to establish federal jurisdiction.

11              As the Ninth Circuit has made clear, in order to remove a case to federal court on

12  the basis of federal question jurisdiction, the defendant "must establish that at least one claim

13  alleged in the complaint 'arises under' federal law."  Ultramar America Ltd. v. Dwelle, 900 F.2d

14  1412, 1413-14 (9th Cir. 1990), citing, inter alia, "Salveson v. Western States Bankcard Ass'n.,

15  731 F.2d 1423, 1426 (9th Cir.  1984)[6](the party seeking removal bears the burden of establishing

16  federal jurisdiction)"; see also, Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1371

17  (9th Cir. 1987)("[t]he burden of establishing jurisdiction falls on the party invoking the removal

18  statute, Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984), cert. denied, [474] U.S.

19  [863], 106 S. Ct. 180 [](1985), which is strictly construed against removal, Salveson, 731 F.2d at

20  1426.")

21
22
23

> Ordinarily, the existence of federal question jurisdiction is
> determined from the face of the complaint. Whether the complaint
> states a claim "arising under" federal law must " 'be ascertained by
> the legal construction of [the plaintiff's] allegations, and not by the

24      [5] Employee Retirement Income Security Act if 1974, 29 U.S.C. § § 1001-1461.

25      [6] Salveson, supra, was superseded in part, on another ground, the doctrine of "derivative
26  jurisdiction," by 28 U.S.C. § 1441(e) in 1986.  Ethridge v. Harbor House Restaurant, 861 F.2d
    1389, 1392 n. 3 (9th Cir. 1988).

1   effect attributed to those allegations by the adverse party.' "
2   Tennessee v. Union & Planters' Bank, 152 U.S. 454, 460, 14 S.Ct.
    654, 656, 38 L.Ed. 511 (1894) (quoting Central R.R. v. Mills, 113
3   U.S. 249, 257, 5 S.Ct. 456, 459, 28 L.Ed. 949 (1985)). The plaintiff
    is the "master" of his complaint; where he may pursue state and
    federal claims, he is free to pursue either or both, so long as fraud
4   is not involved. Salveson, 731 F.2d at 1426-27.

5   On the other hand, jurisdiction must be determined by reference to
    the "well-pleaded" complaint. Franchise Tax Bd. [v. Construction
6   Laborers Vac. Trust], 463 U.S. [1] at 9-10, 103 S.Ct. [2841] at
    2846 [1983]. Claims brought under state law may "arise under"
7   federal law if vindication of the state right necessarily turns upon
    construction of a substantial question of federal law, i.e., if federal
8   law is a necessary element of one of the well-pleaded claims. Id. at
    13, 27-28, 103 S.Ct. at 2848, 2855-56; see also Merrell Dow
9   Pharmaceuticals, 478 U.S. [804] at 808, 106 S.Ct. [3329] at 3232
    [1986].

10

11   Ultramar, supra, at 1414.   If there is an alternative theory of relief for the claims of a complaint,

12   independent of federal law, that in itself constitutes "grounds to defeat federal question

13   jurisdiction." Id.  While this pro se complaint is less than "well-pleaded," it is evident that the

14   plaintiff does not invoke a "right to relief [that] necessarily depends upon construction of a

15   substantial question of federal...law." Id.  On the face it, the claims plaintiff sets forth, and the

16   relief he seeks, does not even implicate a plausible federal ground for relief, such that any relief

17   available to him is likely to arise at all only under state law.

18        Here defendants simply have not met their burden based upon the claims as set

19   forth by this pro se plaintiff.  Because defendants have not met their burden to demonstrate that a

20   federal question is implicated by plaintiff's pleading, the court now recommends, sua sponte, that

21   this matter be remanded to state court.

22        Accordingly, IT IS HEREBY RECOMMENDED that this action be remanded to

23   state court as improperly removed.

24   \\\\\

25   \\\\\

26   \\\\\

1   These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within ten days after service of the objections.  The parties are advised

7   that failure to file objections within the specified time may waive the right to appeal the District

8   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: 5/2/07

    /s/ Gregory G. Hollows

    _____

    GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE

GGH:009
mccr0792.fr