IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED McCRAY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TERESA SCHWARTZ, *et al.*,<br><br>                    Defendants. | No. 2:07-cv-00792-JKS-GGH<br><br>ORDER |

       This matter was initiated by Plaintiff, a state prisoner proceeding *pro se*, in the California Superior Court, Solano County.  The matter was removed to this Court by Defendants ostensibly under 28 U.S.C. § 1441(b) ("founded on a claim or right arising under the Constitution, treaties or laws of the United States").  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On May 3, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  No objections to the Findings and Recommendations have been filed.[1]

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has reviewed the record on its face and finds no clear error.  To the extent that Plaintiff's claim is based on being denied equal pay based on the place of incarceration, because it is not based upon sex, race, religion, color, or national origin, it does not fall within the Civil Rights Act.  42 U.S.C. § 2000e-2.  To the extent he is claiming denial of equal pay or pay for overtime that might otherwise fall within the ambit of the applicable provisions of the Fair Labor

---

[1] The Court notes that subsequent to the service of the Findings and Recommendations of the Magistrate Judge Plaintiff filed an objection to the removal of this action from state court, stating that he has not raised any issues of federal law in his complaint.

Standards Act, his claims also fail.  Plaintiff, because he is not an "employee" within the its scope, is not covered by the Federal Fair Labor Standards Act.  *See Burleson v. State of Cal.*, 83 F.3d 311, 313–15 (9th Cir. 1996).  Whatever rights Plaintiff may have, they are determined under California, not federal, law.  In short, there is no federal claim sufficient to support original jurisdiction in this Court and its removal from the Solano Superior Court was improper.

At Docket No. 14, Plaintiff has also filed a request for a Temporary Restraining Order and Preliminary Injunction to which the time for responding has not lapsed.  This request will be denied without prejudice to renewal in the Solano County Superior Court.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed May 3, 2007, are adopted in full;

2. This case is remanded to the California Superior Court in and for the County of Solano;

3. The request for a Temporary Restraining Order and Preliminary Injunction at Docket No. 14 is DENIED, without prejudice; and

4. The Clerk of the Court to enter final judgment accordingly and transmit a certified copy of this order and the judgment to the Clerk of the Court, Solano County Superior Court.  28 U.S.C. § 1447(c).

Dated:  March 5, 2008.

                 s/ James K. Singleton, Jr.
                 JAMES K. SINGLETON, JR.
                 United States District Judge